# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CIVIL CASE NO. 5:18-cv-00199-MR

| | | |
|---|---|---|
| ROBERT LEE STYLES, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | **MEMORANDUM OF DECISION** |
| vs. | ) | **AND ORDER** |
| | ) | |
| ERIK A. HOOKS,[1] | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court upon Petitioner Robert Lee Styles,

Jr.'s *pro se* Amended Petition for Writ of Habeas Corpus, 28 U.S.C. § 2254.

[Doc. 7].  Also before the Court are Styles' Motion to Appoint Counsel [Doc.

8], Motion for Evidentiary Hearing [Doc. 9], and Motion for Default Judgment

[Doc. 10].

Styles challenges the state trial court's subject-matter jurisdiction,

contending that the indictments upon which he was convicted and sentenced

_____

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner.  Rule 2(a), 28 U.S.C. foll. § 2254.  North Carolina law mandates that the Secretary of the Department of Public Safety is the custodian of all state inmates, and he has the power to control and transfer them.  See N.C. Gen. Stat. § 148-4 (2017) ("The Secretary of Public Safety shall have control custody of all prisoners serving sentence in the State prison system[.]").  Accordingly, Erik A. Hooks, current Secretary of Public Safety, is the proper respondent in this action.

were fatally defective. Specifically, Styles alleges that: 1) under North Carolina law, the trial court does not have subject-matter jurisdiction of a felony charge arising from a fatally defective indictment; 2) under North Carolina law, the name of the defendant must be contained in the body of the indictment; 3) an indictment that contains the name of the defendant only in the caption, and not in the body of the indictment, is fatally defective; and 4) each of Styles' indictments had his name only in the caption and not in the body of the indictment.

## I. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs district courts to dismiss a habeas petition when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. In conducting its initial review under Rule 4, the court "has the power to raise affirmative defenses sua sponte," including a statute of limitations defense under 28 U.S.C. § 2244(d). Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). The court may dismiss a petition as untimely under Rule 4 if it is clear the petition is untimely, and the petitioner had notice of the statute of limitations and an opportunity to address the issue. Id. at 706-07. For the reasons explained

2

herein, the Court concludes Styles' § 2254 Petition is barred by the statute of limitations.

## II.    PROCEDURAL HISTORY

Styles is a prisoner of the State of North Carolina who was convicted by an Alexander County Superior Court jury of first-degree burglary, second-degree rape, second-degree sexual offense, and common law robbery. Styles was sentenced to terms of fifty years, twenty years, twenty years, and ten years respectively, all to be served consecutively.   Judgment was entered on January 26, 1988.

Defendant appealed, raising ten grounds for relief.  See State v. Styles, 379 S.E.2d 255, 258–59 (N.C. Ct. App. 1989).  The North Carolina Court of Appeals vacated Styles' sentence for first-degree burglary and remanded to the trial court for resentencing on that conviction but otherwise found no error in the trial.  Id. at 265.  Styles did not seek discretionary review of the Court of Appeals' opinion in the North Carolina Supreme Court.  [See Doc. 7: Am. § 2254 Pet. at 2].

On January 6, 2017, Styles filed a "Motion to Dismiss for Improper Pleading" in the trial court, claiming that the trial court did not have subject-matter jurisdiction to enter judgment against him because the indictments failed to allege crimes; that is, they failed to include his name and the county

3

where the offenses occurred in the body of the indictments, as required by N.C. Gen. Stat. § 15A-942(a);. [See Doc. 1-1 at 4-5: Mot. to Dismiss]. He also claimed the state violated his right to due process by failing to include those "essential elements" in the body of the indictments and that trial and appellate counsel erred in failing to challenge the trial court's subject-matter jurisdiction. [See id. at 14: Aff. Support. Mot. to Dismiss]. On February 9, 2017, Styles filed a motion to supplement or amend his motion to dismiss [see id. at 27: Mot. to Am./Suppl.], and on February 22, 2017, the trial court denied the motions. [Id. at 26: Order].

Thereafter, on April 30, 2018, Styles filed a petition for writ of certiorari in the North Carolina Court of Appeals seeking review of the trial court's February 22, 2017 Order. [See Doc. 7: Am. § 2254 Pet. at 5]. It was denied on May 2, 2018. [See id]. Styles then filed a petition for discretionary review in the North Carolina Supreme Court on May 22, 2018, which petition was dismissed on August 14, 2018. [See id. at 5-6].

Styles filed his initial § 2254 Petition [Doc. 1] in this Court on December 27, 2018, the date it was received by the Clerk of Court.[2] He challenges the

---

[2] Ordinarily, a prisoner's habeas petition is considered "filed" on the date he places it in the prison mail system. See Houston v. Lack, 487 U.S. 266, 267 (1988). Styles, however, does not provide the date he placed his initial § 2254 Petition in the prison mail system. [Cf. Doc. 1: § 2254 Pet. at 15].

4

trial court's subject-matter jurisdiction on the same grounds raised in his Motion to Dismiss for Improper Pleading and claims trial and appellate counsel were ineffective for failing to challenge the trial court's subject-matter jurisdiction. [See Doc. 1: § 2254 Pet. at 6-9, 11]. Styles filed this Amended § 2254 Petition [Doc. 7] on October 4, 2019, when he deposited it in the prison mail system, see Houston v. Lack, 487 U.S. 266, 267 (1988). The Amended Petition does not raise any new grounds for relief; it merely supplements the original Petition with additional information and an expanded explanation regarding the Petition's timeliness.

Styles also has filed a Motion to Appoint Counsel [Doc. 8], a Motion for Evidentiary Hearing [Doc. 9], and a Motion for Default Judgment [Doc. 10].

## III. DISCUSSION

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). Generally, the petition must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The limitation period

is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

For prisoners like Styles, whose judgments became final prior to AEDPA's enactment, the limitations period began to run with AEDPA's effective date – April 24, 1996.  See Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1998).  Therefore, Styles had until April 24, 1997, to file a timely federal habeas petition.  He did not file the instant Petition until December 2018, more than 20 years after the statute of limitations expired.  Thus, absent application of an alternate date as beginning the limitations period or equitable tolling, the Amended § 2254 Petition is barred by the statute of limitations.  See id.

### 1.  Newly Discovered Evidence

Styles' explanation for his failure to file his § 2254 Petition by April 24, 1997, appears to rely on 28 U.S.C. § 2244(d)(1)(D), which provides that the statute of limitations to file a § 2254 petition runs for one year from the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.  The factual predicate upon which Styles relies for all his habeas claims is that his name is listed only in the caption of the indictments upon which he was convicted and sentenced, not in the body.  Styles asserts that he learned of the factual

6

predicate for his claims from other inmates in December 2016. He characterizes his arguments regarding the validity of his indictments as "newly discovered evidence."

The statute of limitations begins to run under § 2244(d)(1)(D), however, when a prisoner knows, or through due diligence could have discovered, the *facts* for his claims, not when he recognizes their legal significance. See Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000). "Conclusions drawn from preexisting facts, even if the conclusions are new, are not factual predicates for a claim." Rivas v. Fischer, 687 F.3d 514, 535 (2d Cir. 2012). The fact upon which Styles relies to support his claim that the indictments were defective was known to him or available to him from the onset of his state prosecution. According to his allegations, what Styles discovered in December 2016 was the (alleged) legal significance of that fact. Accordingly, he cannot invoke § 2244(d)(1)(D) as the triggering provision for the timing of these proceedings.

## 2. Subject Matter Jurisdiction

Styles asserts that his Amended § 2254 Petition is timely under the principle that "a prisoner or defendant may challenge a trial court's subject-matter jurisdiction at any time." Such application of this proposition is misplaced.

7

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991). Whether a state court has subject matter-jurisdiction over a state criminal matter is determined by state law and generally does not fall within the scope of the Constitution, laws, or treaties of the United States. See Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998). Moreover, the AEDPA does not recognize an exception to the statute of limitations for claims challenging a state court's subject-matter jurisdiction. See, e.g., Wells v. Harry, No. 17-1476, 2017 WL 9248730, at *2 (6th Cir. Nov. 15, 2017) (unpublished) ("There is no authority supporting Wells's argument that the AEDPA's statute of limitations does not apply where a petitioner asserts that the trial court lacked subject matter jurisdiction."); Keever v. Perry, No. 3:16-cv-00066-FDW, 2016 WL 7192138, at *4 (W.D.N.C. Dec. 12, 2016); Jones-Bey v. Alabama, No. 2:14-cv-00376-AKK-HGD, 2014 WL 1233826, at *2 (N.D. Ala. March 25, 2014) ("There is no exception under AEDPA's statute of limitation for a § 2254 claim that the state court lacked jurisdiction.") (citation omitted); Umbarger v. Burt, No. 1:08-cv-637, 2008 WL 3911988, AT *1 (W.D. Mich. Aug. 19, 2008) (same); Griffin v. Padula, 518 F. Supp.2d 671, 677 (D.S.C. 2007) ("There is no exception under the AEDPA for subject matter jurisdiction claims.").

8

### 3. Equitable Tolling

Although Styles does not contend that he is entitled to equitable tolling, he alleges facts that frequently are cited by petitioners to justify equitable tolling of the statute of limitations. Specifically, Styles alleges that there are no law libraries in North Carolina prisons, that he does not have access to a computer or legal resources, and that he is proceeding *pro se*.

Equitable tolling of the statute of limitations is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted).

As an initial matter, Styles has not demonstrated that he has diligently pursued his rights since April 24, 1996, when the one-year statute of limitations to file a § 2254 petition began to run. Nor has he identified an

"extraordinary" circumstance that prevented him from filing a timely § 2254 petition. "[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (citing Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003)) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."); United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) ("[A] petitioner's own ignorance or mistake does not warrant equitable tolling ...."); Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001) (rejecting the argument that a pro se prisoner's ignorance of the law warranted equitable tolling); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (same)). Stated differently, it is not extraordinary for a prisoner to be ignorant of the law and to lack legal resources. As such, Styles is not entitled to equitable tolling of the statute of limitations.

## B. Other Motions

As the Amended Petition is barred by the statute of limitations, Styles' Motion for Appointment of Counsel and Motion for Evidentiary Hearing are moot and therefore shall be denied.

Styles also moves for the entry of a default judgment based upon Respondent's lack of response to the Amended § 2254 Petition, among other

motions.[3]  The Federal Rules of Civil Procedure apply to § 2254 proceedings "to the extent that they are not inconsistent with any statutory provisions" or the Rules Governing § 2254 Cases.  Rule 12, 28 U.S.C. foll. § 2254.  Under the Rules Governing § 2254 Cases, "[t]he respondent is not required to answer the petition" unless ordered to do so by a judge.  Id. at Rule 5(a).  The Court has not issued an order directing Respondent to answer the Amended Petition or to otherwise respond.  Respondent also has not been served as a party in this action and, therefore, is not required to respond to the motions Styles has filed.

For all these reasons, the Motion for Default Judgment shall be denied.

## IV. CONCLUSION

For the foregoing reasons, Styles' Motion to Appoint Counsel, Motion for Evidentiary Hearing, and Motion for Default Judgment are denied, and his Amended Petition for Writ of Habeas Corpus is dismissed.  The Court further finds that Styles has not made a substantial showing of a denial of a constitutional right.  See generally 28 U.S.C. § 2253(c)(2); see also Miller-El

---

[3] Styles also cites Respondent's lack of response to the Motion for Issuance of a Show Cause Order [Doc. 5] and the Motion for Evidentiary Hearing [Doc. 9].  The Court denied the Motion for Issuance of Show Cause Order after Styles filed the Motion for Default Judgment.  [See Doc. 11: Order on Show Cause Mot.].  As noted above, the Motion for Evidentiary has been denied as moot.

v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Styles has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Amended Petition for Writ of Habeas Corpus states a debatable claim of the denial of a constitutional right. See Slack, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability.

## O R D E R

**IT IS, THEREFORE, ORDERED** that:

1.  Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Doc. 7] is **DISMISSED** as untimely;

2.  Petitioner's Motion to Appoint Counsel [Doc. 8], Motion for Evidentiary Hearing [Doc. 9], and Motion for Default Judgment [Doc. 10] are **DENIED**;

3.  The Clerk of Court is respectfully directed to substitute Erik A. Hooks for Mike Slagle as the respondent in this action; and

4.  The Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: May 26, 2020

Martin Reidinger
United States District Judge